UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | | |
|---|---|---|---|
| DERRICK BROOKS, | ) | | |
| | ) | | |
| *Plaintiff,* | ) | | |
| v. | ) | No. 1:06-cv-115 | |
| | ) | *Mattice/Lee* | |
| RN MATTHEWS; LPN BEVERLY; | ) | | |
| DR. JOHN DOE; All Parties are Sued in Their | ) | JURY DEMAND | |
| Official and Individual Capacities, | ) | | |
| | ) | | |
| *Defendants.* | ) | | |

## MEMORANDUM

Plaintiff Derrick Brooks ("Brooks") has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 [Court File No. 2]. Brooks seeks compensatory damages in the amount of $500,000.00 from each defendant for the alleged mental, physical, and emotional injuries they caused him to suffer. The essence of Brooks' claim is the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Specifically, he claims that when he requested treatment for his HIV condition the defendants ignored his complaints, except to respond that he was receiving his medication.

### I.     *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Brooks that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Brooks is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Brooks is an inmate or prisoner in custody at the Hamilton County Jail in Chattanooga, Tennessee, he will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Brooks shall pay the full filing fee of two-

1

hundred and fifty dollars ($250.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Brooks's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

(a)     twenty percent (20%) of the average monthly deposits to Brooks's inmate trust account; or

(b)     twenty percent (20%) of the average monthly balance in Brooks's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Brooks's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Hamilton County, the Custodian of Inmate Trust Fund Accounts at the Hamilton County Jail,  the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Brooks's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available.  This order shall become a part of inmate Brooks's file and follow the inmate if he is transferred to another institution.  The agency having custody of the plaintiff shall continue to collect

2

monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

The plaintiff is **ORDERED** to notify this Court and defendants or defendants' attorney of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II.     _Administrative Remedies_

Brooks's complaint is based on claims that arose while being housed at the Hamilton County Jail. Brooks asserts he "exhausted all remedies in the form of grievance procedures[,]" but he failed to prevail on his grievance. Brooks has not attached a copy of his grievance. Nor has he specifically described the procedure he followed in filing his grievance. _See Kunckles El. v. Toombs,_ 215 F.3d 640, 642 (6th Cir.), _cert. denied_, 531 U.S. 1040 (2000). Apart from his factually unsupported assertions of exhaustion, there is absolutely no evidence to show that Brooks has exhausted his administrative remedies by presenting the facts underlying his § 1983 claims to all levels of the inmate grievance program.

---

[1] **Send remittances to the following address:**

>   Clerk, U.S. District Court
>   P.O. Box 591
>   Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. In *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied,* 525 U.S. 833 (1998), the United States Court of Appeals for the Sixth Circuit held that district courts should enforce the exhaustion of administrative remedies *sua sponte* if necessary. The Sixth Circuit has ruled that the plain mandatory language of the statute regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d at 1103-04. "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.*

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). Brooks has failed to demonstrate he exhausted his available administrative remedies by fairly presenting his claims to all levels of the Hamilton County Jail inmate grievance program. Brooks' factually unsupported allegation that he exhausted all remedies is insufficient to satisfy his burden to describe with specificity the administrative proceeding and its outcome.

The Hamilton County Jail maintains an administrative remedy program to address the concerns of inmates. The Hamilton County Jail has a three-step inmate grievance procedure. First, informal resolutions are encouraged between staff and inmates. If an inmate is not satisfied with the outcome of the resolution, the second step is for the inmate to submit an inmate grievance form by

placing it in the grievance box. The Jail Captain will assign the grievance to the responsible supervisor for action and/or response. If an inmate is dissatisfied with the resolution of the grievance the third step requires the inmate to appeal to the Chief of Corrections. *See Hamilton County Sheriff's Office Inmate Handbook Number 59,* pp. 20-22.

Brooks has failed to identify the procedural steps he followed in pursuing his administrative remedies. Brooks alleges he filed a grievance describing all details of his complaint against the entire medical staff. This claim fails, however, to satisfy the requirement that "a prisoner must plead his claims with specificity and show that they have been exhausted[,]" *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.) *cert. denied*, 531 U.S. 1040 (2000). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

Brooks' failure to provide documentation of the grievance or, in the absence of written documentation, his failure to describe with specificity the procedural steps he followed while pursuing his grievance, is fatal to his claim that he has exhausted administrative remedies. Under the PLRA "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *Baxter v. Rose*, 305 F.3d at 488-490. Consequently, Brooks has failed to bear his burden of showing he exhausted his administrative remedies.

Accordingly, Brooks' complaint will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because Brooks failed to demonstrate he exhausted his available administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

A judgment will enter.


_____*s/ Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE